UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SAMUEL D. FROGGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02216-TWP-MPB |
| | ) | |
| KEITH BUTTS, | ) | |
| BRUCE IPPEL, | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS | ) | |
| DIVISION OF MEDICAL AND CLINICAL | ) | |
| HEALTHCARE SERVICES, and | ) | |
| CORIZON HEALTH SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Service of Process**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at New Castle Correctional Facility ("New Castle"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

The complaint names four defendants: 1) Keith Butts, 2) Dr. Bruce Ippel, 3) Indiana Department of Corrections Division of Medical and Clinical Health Care Services, and 4) Corizon Health Services. The plaintiff alleges that on July 21, 2016, he broke his finger playing basketball while incarcerated at New Castle. He was sent to the medical department that day and was scheduled for an x-ray on July 28, 2016 at Meridian Radiology. On August 12, 2016, the plaintiff was sent to Reid Orthopedics Center, but the orthopedic surgeon was not available that day so he had to be rescheduled to see Dr. Ganeshan Ramachandran on September 1, 2016. Dr. Ramachandran ordered four weeks of physical therapy before re-evaluation for potential surgery. This plan was discussed with Dr. Ippel when the plaintiff returned to New Castle. On November 18, 2016, the plaintiff filed a grievance, presumably regarding his lack of treatment, but the grievance was rejected as untimely. On January 22, 2016, the plaintiff wrote to the Ombudsman complaining about the lack of treatment for his finger. He saw a specialist the very next day. But by that time, six months after his finger had been broken, the only treatment available was prednisone injections for temporary relief or an artificial joint. The plaintiff alleges that he now suffers permanent and irreparable damage to his hand as a result of the defendants' delays and lack of treatment. He seeks declaratory relief and compensatory and punitive damages.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, all claims against Keith Butts are **dismissed** because the complaint does not allege that Keith Butts had any personal involvement in the alleged events. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Second, all claims against the Indiana Department of Corrections Division of Medical and Clinical Health Care Services are **dismissed** because the Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). In addition, states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in Burchett's complaint. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).

Third, the Court liberally construes the pro se plaintiff's complaint to include a policy and practice claim against Corizon Health Services. This claim **shall proceed**.

Finally, the deliberate indifference claim against Dr. Bruce Ippel **shall proceed**.

These remaining claims are the only viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 15, 2018,** in which to identify those claims.

## IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## V. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c) to issue process to the defendants Corizon Health Services and Dr. Bruce Ippel in the manner specified by Rule 4(d). Process shall consist of the complaint filed on July 19, 2018, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

Because all claims against Keith Butts and the Indiana Department of Corrections Division of Medical and Clinical Health Care Services have been dismissed, **the clerk is directed to** terminate them as defendants on the docket. The **clerk is directed to** provide a courtesy copy of the complaint and this Entry to Jeb Crandall.

**IT IS SO ORDERED.**

Date: 9/20/2018

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SAMUEL D. FROGGE
121998
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

DR. BRUCE IPPEL, MEDICAL EMPLOYEE
NEW CASTLE CORRECTIONAL FACILIY
1000 Van Nuys Road
NEW CASTLE, IN 47362

CORIZON HEALTH SERVICES
103 Powell Court
Brentwood, TN 37027


Courtesy Copy to:

JEB ADAM CRANDALL
BLEEKE DILLON CRANDALL ATTORNEYS
8470 Allison Pointe Boulevard
Suite 420
Indianapolis, IN 46250